```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Larry D. Knox,                   :

      Plaintiff,              :      Case No. 2:07-cv-0155

  v.                             :      JUDGE WATSON

Pat Hurley, et al.,              :

      Defendants.             :


REPORT AND RECOMMENDATION

    Plaintiff, Larry D. Knox, filed this action against Warden Pat Hurley and other state prison officials.  In his complaint, he raises a number of claims concerning events which happened while he was a prisoner at the Chillicothe Correctional Institution in 2002 and 2003.  For the following reasons, it will be recommended that the action be dismissed because the Court's judgment against Mr. Knox in a prior action, Case No. 2:03-cv-408, prevents him from litigating the same claims here.

    It is not necessary to state Mr. Knox's claims in detail.  In this complaint, he acknowledges that he is attempting to raise the same claims which he raised in Case No. 2:03-cv-408.  He characterizes that case as having been illegally dismissed.

    The Court has reviewed its own record of proceedings in the prior case.  When Mr. Knox filed this complaint, the prior case was still pending.  An order had been entered granting summary judgment to the defendants on most of Mr. Knox's claims, but a claim relating to access to the courts still remained.  Mr. Knox had tried to appeal the prior order but because it did not dispose of all the claims in the case, it was not appealable at that time.  Subsequently, this Court granted summary judgment to the defendants on the access to courts claim and entered a final

judgment against Mr. Knox on August 28, 2007. Consequently, that case has now concluded. Mr. Knox did not file any appeal from the judgment.

When a plaintiff attempts to litigate, in a new civil action, claims which have once been dismissed by a federal court, *res judicata* principles apply. Two separate doctrines are encompassed in the concept of *res judicata*. The doctrine of claim preclusion prevents a litigant from raising a new claim in a subsequent action if it arises out of the same facts as a prior case and the claim could have been, but was not, raised in that prior case. The doctrine of issue preclusion (sometimes referred to as collateral estoppel) applies when a party attempts to litigate again claims which were actually decided against him in a prior case. Because Mr. Knox is raising the same claims here which were decided against him in the prior case, the Court will examine the issue of preclusion prong of the *res judicata* doctrine.

First, as a general matter, traditional principles of *res judicata* apply to cases brought under 42 U.S.C. §1983. Allen v. McCurry, 449 U.S. 90 (1980). In its traditional form, "[t]he doctrine of res judicata or claim preclusion states that a final and valid judgment on the merits of a claim precludes subsequent action on that claim." Knox County Educ. Ass'n v. Knox County Bd. of Educ., 158 F.3d 361, 376 (6th Cir. 1998). There are generally four prerequisites to applying the doctrine: that there has been a final decision on the merits rendered by a court of competent jurisdiction, that the second action involves the same parties as the first, that the issue in the second party is the same as the first, and that the causes of action are the same. See Kane v. Magna Mixer Co., 71 F.3d 555 (6th Cir. 1995). If these prerequisites are met, the second action must be dismissed. "When the conditions for res judicata are satisfied, the claim is

barred and no relief can be granted." Evans v. Franklin County Court of Common Pleas, 184 F.Supp. 2d 707, 712 (S.D.Ohio 2001).

Here, the elements of issue preclusion have clearly been met. Mr. Knox's prior case was dismissed by this Court, which is a court of competent jurisdiction. This case involves the same parties. The issue Mr. Knox attempts to raise in his complaint is, by his own admission, the same issue he raised in the prior complaint. Finally, the causes of action are identical. Both claims arise under §1983. Under these circumstances, Mr. Knox is barred by the doctrine of *res judicata* for relitigating these claims.

Based upon the foregoing, it is recommended that this action be dismissed on the basis of *res judicata*.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District

Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge